IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| NICHOLAS VINCENTE,<br><br>                Plaintiff,<br>v.<br><br>MAV MEDIA, et al.,<br><br>                Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 1:15-cv-116 JNP<br><br>District Judge Jill Parrish<br><br>Magistrate Judge Brooke Wells |

       This matter is referred to the undersigned by Judge Parrish under 28 U.S.C. 636(b)(1)(B).[1] Plaintiff, Nicholas Vincente, filed a complaint alleging retaliation, fraud against an agency of the United States, RICO violations and negligent/intentional infliction of emotional distress.[2] After reviewing the Complaint, the court questioned its jurisdiction and entered an order to show cause on October 6th directing Plaintiff to show cause why the Complaint should not be dismissed for lack of jurisdiction.[3] Rather than responding to the jurisdictional question, Plaintiff argued that the undersigned lacked jurisdiction under 28 U.S.C. § 636(c) because Plaintiff had not consented to a magistrate's jurisdiction over this case.[4] As noted in the docket, this case is assigned to Judge Parrish and referred to the undersigned under 28 U.S.C. § 636(b)(1)(B). There is no entry on the docket indicating anything about § 636(c) jurisdiction nor any entry regarding consent. The undersigned therefore finds that Plaintiff's response fails to address the fundamental jurisdictional question in this case.

---

[1] Docket no. 5.

[2] Complaint p. 20-26, docket no. 2.

[3] Order to Show Cause p. 2, docket no. 8.

[4] Response p. 2, docket no. 10.

Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute.[5] As noted previously, the court "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings."[6] And, the burden of establishing jurisdiction rests upon the party asserting it.[7]

Here, it appears this matter is an appeal of state court proceedings and as such should not be brought in federal court.[8] Federal courts other than the Supreme Court cannot sit in direct review of state court decisions and actions. Plaintiff has failed to meet the burden of establishing jurisdiction and the response to the Order to Show Cause did little to move the needle in favor of jurisdiction. Accordingly, the undersigned recommends that this case be dismissed for lack of jurisdiction.

---

[5] *See Willy v. Coastal Corp.*, 503 U.S. 121, 126-137 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986).

[6] *State Farm Mut. Auto Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998).

[7] *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936).

[8] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

## RECOMMENDATION

Based upon the foregoing, the court recommends that this case be dismissed for lack of jurisdiction.  Any other motions should be DENIED or DEEMED MOOT.[9]

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object.  Any objection must be filed within 14 days after being served with a copy.[10]  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 3 November 2015.

*Brooke C. Wells* (signature)

Brooke C. Wells
United States Magistrate Judge

---

[9] Docket no. 10.

[10] *See* Fed. R. Civ. P. 72(b)(2).